UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| STACY E. LAKE,<br>                   Plaintiff,<br>    vs.<br><br>WILLIAM E. HEZEBICKS,<br>STAN KOCH & SONS TRUCKING, INC.,<br><br>                   Defendants. | No. 2:14-cv-00344-WTL-MJD |

**ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT AND REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS**

This matter comes before the Court on Plaintiff's Motion for Leave to File Amended Complaint, [Dkt. 21], and Defendants' Motion to Dismiss. [Dkt. 14.] For the reasons that follow, the Court **GRANTS** Plaintiff's motion to amend and the Magistrate Judge recommends that the Court **DENY** Defendants' motion to dismiss.

## I.     Background

Stacy E. Lake ("Plaintiff") claims she suffered injuries in a car accident on June 26, 2012. [Dkt. 1 ¶¶ 7-10.] She alleges that on this date, William Hezebicks was operating a motor vehicle within the scope of his employment with Stan Koch & Sons Trucking, Inc. (collectively "Defendants") when he negligently lost control and collided with Plaintiff's vehicle. [*Id.*]

The alleged accident occurred in Putnam County, Indiana, which is located within the Southern District of Indiana. [*See id.* ¶¶ 5-7.] Plaintiff, however, originally filed suit on May 8, 2014 in the U.S. District Court for the Northern District of Indiana. *See Lake v. Hezebicks*, No. 1:14-CV-143-PPS, 2014 WL 1874853, at *1 (N.D. Ind. May 9, 2014). That court noted that the accident giving rise to this lawsuit occurred in the Southern District of Indiana and accordingly dismissed Plaintiff's complaint on the grounds that venue was improper in the Northern District.

1

[*See* Dkt. 21 ¶¶ 4-5.] The dismissal was without prejudice, and the judge for the Northern District thus observed that "if Lake wants to pursue her case, she is free to file a complaint in the Southern District of Indiana." [*See id.* ¶ 7.]

Plaintiff followed that advice and filed her present complaint in this Court on November 3, 2014. [Dkt. 1.] Defendants responded with the currently pending Motion to Dismiss. [Dkt. 14.] They contend that under Indiana law, Plaintiff had two years from the date of the accident in which to file her complaint. [*Id.* ¶ 3.] Because the alleged accident occurred on June 26, 2012, and because Plaintiff did not file her complaint with this Court until November 3, 2014, Defendants conclude that Plaintiff's claim "is in violation of Indiana law as the statute of limitations for such a claim expired by the time Plaintiff filed [her] Complaint." [*Id.*] They thus ask the Court to dismiss this action under Fed. R. Civ. P. 12(b)(6). [*Id.* at 2.]

Plaintiff responded in two ways. First, she filed the currently pending Motion for Leave to File Amended Complaint. [Dkt. 21.] She "seeks to amend her Complaint to clarify the history of this case and to establish on the face of the Complaint that her initial Complaint against the Defendants was filed prior to the expiration of the Statute of Limitations." [*Id.* ¶ 8.] To that end, her proposed amended complaint includes additional allegations recounting the procedural history of this case. [*See* Dkt. 21-1.] Second, Plaintiff filed a brief in opposition to Defendant's motion to dismiss. [Dkt. 27.] She argues that her complaint in this Court was timely filed by operation of Indiana's Journey's Account Statute, Ind. Code Ann. § 34-11-8-1, which allows for the survival of certain otherwise untimely causes of actions. [*See* Dkt. 27 at 3.]

## II. Discussion

Pursuant to Rule 15(a)(1)(B), Plaintiff has a right to amend her pleading "once as a matter of course" within 21 days after service of Defendants' motion to dismiss. Fed. R. Civ. P.

15(a)(1)(B). Accordingly, a motion to amend was not even necessary in this instance. However, because such a motion has been filed and opposed, the Court will address the motion.

The Court should "freely give" leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule, however, does not mandate that leave be granted in every case: "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). Defendants have the burden of showing that such a reason exists to deny the amendment. *See, e.g.*, *Smith v. Chrysler Corp.*, 938 F. Supp. 1406, 1412 (S.D. Ind. 1996).

Defendants in this case do not contend that Plaintiff's amendment is unduly prejudicial, that it is the result of bad faith, or that Defendant unduly delayed in filing her motion for leave to amend. [*See* Dkt. 28.] Instead, they note that Plaintiff's proposed amended complaint adds only six brief paragraphs that recount the procedural history of this case, including the initial filing of a complaint in the Northern District of Indiana and the resulting dismissal of that complaint. [*See* Dkt. 28; Dkt. 21-1 ¶¶ 11-16.] They contend that this information is "extraneous" and has "nothing to do with the facts and circumstances" of the accident that gave rise to Plaintiff's claims, such that the Court should deny Plaintiff's motion. [Dkt. 28 ¶ 3.]

This argument is meritless. As noted above, a court may deny leave to amend where the proposed amendment would be futile. *Arreola*, 546 F.3d at 796. A proposed amended complaint, in turn, is futile when it would not survive a motion to dismiss.[1] *Garcia v. City of Chicago, Ill.*,

---

[1] Many Seventh Circuit decisions state that an amendment is futile if it would not survive a motion for summary judgment. *See, e.g., King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 819 (7th Cir.2007). In these decisions, however, the case had already progressed to the summary judgment stage. Thus, it "would have been incongruous for the court to have defined futility in terms other than the capacity of the amendment to survive summary judgment." *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 95 (N.D. Ill. 2008). In this case, in contrast, the parties have not yet moved for summary judgment, and whether the amendment would survive a motion to

24 F.3d 966, 970 (7th Cir. 1994); *see also McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir.) *reh'g denied*, 769 F.3d 535 (7th Cir. 2014) ("District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss.").

Here, Defendants have already moved to dismiss Plaintiff's complaint, [Dkt. 14], and the futility inquiry thus turns on whether Plaintiff's proposed amended complaint would survive that motion to dismiss. *See, e.g.*, *Trochuck v. Patterson Companies, Inc.*, 851 F. Supp. 2d 1147, 1149 (S.D. Ill. 2012) (determining futility of amendment with respect to pending motion to dismiss); *Parkey v. Bowling*, No. 3:07-CV-267, 2008 WL 2169007, at *7 (N.D. Ind. May 22, 2008) (same). The Court, that is, will determine whether Defendants' motion to dismiss would succeed against the amendment complaint.

Defendants argue that Plaintiff fails to state a claim upon which relief can be granted because the action was not filed within the relevant statute of limitations. [Dkt. 15 at 1.] Typically, a complaint need not address such affirmative defenses, but "the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir.2005)). In this case, Defendants note that the statute of limitations for this cause of action is two years [Dkt. 15 at 1 (citing Ind. Code Ann. § 34-11-2-4(a)(1))], and that the complaint itself indicates that the cause of action accrued on June 26, 2012, [*see* Dkt. 1 ¶ 7], but that the complaint was not filed in this Court until November 3, 2014—i.e., more than two years later. [*See* Dkt. 1] They thus conclude that the complaint "plainly reveal[s]" that the action was untimely, and that Plaintiff has

---

dismiss is the proper standard. *See, e.g.*, *Bank of Am. NA v. Home Lumber Co. LLC*, No. 2:10 CV 170, 2011 WL 5040723, at *3 (N.D. Ind. Oct. 24, 2011).

4

"affirmatively [pled herself] out of court." [Dkt. 15 at 2 (quoting *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014)).]

Plaintiff's proposed amended complaint, [Dkt. 21-1], describes the history of this case. Plaintiff notes that she "originally filed her Complaint against the Defendants in the United States District Court, Northern District of Indiana . . . on May 8, 2014, prior to the expiration of the two (2) year Statute of Limitations." [*Id.* ¶ 11.] Next, that Court "entered an Order dismissing Plaintiff's Complaint without prejudice" under Fed. R. Civ. P. 12(b)(3) because "proper venue for the case was in the Southern District of Indiana." [*Id.* ¶¶ 12-13.] Finally, Plaintiff filed her complaint in this Court, which, she argues, was "timely filed and relates back to May 8, 2014, by virtue of the fact that a Complaint for this claim was originally filed on May 8, 2014, and by virtue of the Indiana [Journey's Account] Statute, § I.C. 34-11-8-1." [*Id.* ¶ 16.]

Indiana's Journey's Account Statute[2] ("JAS"), in turn, provides:

> Sec. 1. (a) This section applies if a plaintiff commences an action and:
> (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;
> (2) the action abates or is defeated by the death of a party; or
> (3) a judgment is arrested or reversed on appeal.
> (b) If subsection (a) applies, a new action may be brought not later than the later of:
> (1) three (3) years after the date of the determination under subsection (a); or
> (2) the last date an action could have been commenced under the statute of limitations governing the original action;
> and be considered a continuation of the original action commenced by the plaintiff.

Ind. Code Ann. § 34-11-8-1. The "purpose of the Journey's Account Statute is to insure to the diligent suitor the right to a hearing in court until he reaches a judgment on the merits." *Keenan*

5

---

[2] Where, as here, a federal court borrows a state's statute of limitations, any "accompanying tolling and/or savings provisions are also borrowed." *Hollins v. Yellow Freight Sys., Inc.*, 590 F. Supp. 1023, 1026 (N.D. Ill. 1984) (citing *Speight v. Miller*, 437 F.2d 781, 783 n.4 (7th Cir. 1971)).

*v. Butler*, 869 N.E.2d 1284, 1290 (Ind. Ct. App. 2007). It typically applies "when a plaintiff commences an action, and the plaintiff fails in the action due to any cause except negligence in the prosecution of the action." *Id.* Thus, it is often "used to save an action filed in the wrong court." *Id.*

The parties in this case argue at length about the effect of the Journey's Account Statute. In response to Defendants' motion to dismiss, Plaintiff reiterates the procedural history of this case, [Dkt. 27 at 1-2], and emphasizes that she filed her original complaint in the Northern District of Indiana within the two-year statute of limitations. [*Id.* at 3.] She argues that the original complaint "failed" within the meaning of subsection (a)(1) because of the dismissal for lack of venue, and that the subsequent complaint in this court was filed within three years of that dismissal. [*See id.* at 4-5.] Hence, she asserts that subsection (b)(1) applies to save her cause of action. [*See id.*] Plaintiff also argues that "filing of the claim in an improper court and subsequent refiling in the proper Court is not negligence in the prosecution of the action," such that the Journey's Account statute does in fact apply to save her claim. [*Id.* at 5.]

Defendants reply that Plaintiff *did* exhibit "negligence in the prosecution of the action." [Dkt. 29 at 3.] They note that Plaintiff "initially argued that jurisdiction was proper" in the Northern District of Indiana "because that was where Plaintiff received her medical treatment." [*Id.* at 3.] However, they cite authority indicating that such post-injury treatment does not establish that venue is proper. [*Id.* (citing (*Clark Products, Inc. v. Rymal*, No. 02 C 6893, 2002 WL 31572569, at *4 (N.D. Ill. Nov. 19, 2002) (citing *Digital Merch. Sys., Inc. v. Oglesby*, No. 98 C 8003, 1999 WL 1101769, at *2 (N.D. Ill. Nov. 30, 1999))).] They thus conclude that Plaintiff exhibited negligence by "ignor[ing] controlling authority" and by advancing "exactly the argument" for proper venue that courts have rejected in the past. [*Id.* at 3.]

Plaintiff has the better of this argument. As she notes in her surreply, Indiana courts have observed that the "important consideration" in applying the JAS "is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts." *McGill v. Ling*, 801 N.E.2d 678, 685 (Ind. Ct. App. 2004). Here, Plaintiff timely filed her original complaint in the Northern District of Indiana, and thus gave Defendants "timely notice" of her intent to pursue her claim, even if that court later determined that venue was improper. Moreover, the Indiana court in *McGill* stated that the "Journey's Account Statute is to be construed liberally to protect such diligent suitors." *McGill*, 801 N.E.2d at 684. It would thus be inconsistent with the purpose of the statute as construed by Indiana courts to foreclose Plaintiff from pursing a claim of which Defendants—through the original filing in the Northern District of Indiana—had timely notice.

Additionally, Indiana courts have frequently applied the JAS to allow a plaintiff to continue to pursue an action originally filed in the wrong court. In *Keenan v. Butler*, for instance, the plaintiff filed suit in a county circuit court, but an Indiana court of appeals determined that the circuit court lacked jurisdiction and that the plaintiff should have filed suit in probate court. *Keenan*, 869 N.E.2d at 1290. The court then applied the JAS, and noted that any "potential dismissal" from the circuit court was "not the result of negligence in prosecution, but rather the lack of procedural clarity in the Probate Code." *Id.* The current case is analogous: Plaintiff may have originally filed her complaint in the wrong court, but that filing was the result of her confusion about the rules governing proper venue,[3] rather than negligence in the prosecution of the action. Thus, Plaintiff's conduct does not foreclose application of the JAS.

---

[3] Defendants attempt to paint Plaintiff's initial choice of court as self-serving forum shopping that "ignore[d] controlling authority," such that her conduct would presumably go beyond mere "confusion" and thereby establish negligence. [Dkt. 29.] However, the only purportedly "controlling authority" Defendants cite are two district court cases from the Northern District of Illinois, each of which is more than a decade old. [Dkt. 29 at 3.] Those district

Similarly, an Indiana court considered the JAS in *Hayes v. Westminster Vill. N., Inc.*, 953 N.E.2d 114 (Ind. Ct. App. 2011). The plaintiff there filed a medical malpractice complaint with the Indiana Department of Insurance, but that complaint failed when the Department determined that the defendant was not subject to such complaints under the state's Medical Malpractice Act. *Id.* at 116. After the statute of limitations had run, the plaintiff then filed suit in county court. *Id.* at 117. An Indiana court of appeals determined that the JAS applied to save the action because the failure of the initial complaint was "not due to negligence by [plaintiff.]" *Id.* at 118. Again, then, choosing the wrong forum in which to initially sue did not bar application of the JAS, such that Plaintiff's initial error in choosing a venue in this case does not bar application of the JAS.

Finally, in *Allen v. Great American Reserve Insurance Co.*, the plaintiffs initially sued defendants "in a South Carolina federal district court, claiming, inter alia, violations of the South Carolina Unfair Practices Act, civil conspiracy, and fraud." *Allen v. Great Am. Reserve Ins. Co.*, 739 N.E.2d 1080, 1082 (Ind. Ct. App. 2000). The federal court "subsequently dismissed the suit without prejudice *because of improper venue* and lack of diversity among the parties." *Id.* (emphasis added). The plaintiffs "then initiated suit in Indiana," and later amended their complaint to add new claims. *Id.* On appeal, an Indiana court determined that "the amended claims [were] not barred by the statute of limitations and, like the original claims filed in the South Carolina federal district court, [were] preserved by the Journey's Account statute." *Id.* at 1085.[4] *Allen* thus demonstrates that filing suit in a court where venue is improper, *id.* at 1082, does *not* bar application of the JAS. *Id.* at 1085. Hence, even if Plaintiff in this case initially

---

court cases, while informative and persuasive, are not binding precedent upon another district court and thus do not constitute "controlling authority" as suggested by Defendants. The Court thus does not find that Plaintiff's original filing in contravention of this authority ignored such a well-established rule of law that her filing constituted "negligence in the prosecution of the action." Ind. Code Ann. § 34-11-8-1(a)(1).

[4] The Indiana Supreme Court affirmed this portion of the appeals court's ruling. *Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1166 (Ind. 2002).

chose the wrong venue, her position is similar to that of the plaintiffs in *Allen*, and she is not barred from relying upon the JAS to save her claim.

Applying the JAS in this case also comports with the purpose of the statute. As noted above, the JAS exists to "insure to the diligent suitor the right to a hearing in court until he reaches a judgment on the merits," *Keenan*, 869 N.E.2d at 1290, and this "broad and liberal purpose is not to be frittered away by narrow construction." *Hayes*, 953 N.E.2d at 118 (citation omitted). It would thus be inconsistent with Indiana's treatment of the JAS to foreclose Plaintiff's "right to a hearing in court until [she] reaches a judgment on the merits" simply because she was initially mistaken about the requirements for proper venue.

Moreover, Defendants' argument goes too far. They essentially contend that any mistake about jurisdiction or venue must constitute negligence that would bar application of the JAS. [*See* Dkt. 29.] They try to temper their argument by portraying Plaintiff as blithely choosing a forum without regard for contrary authority and procedural rules, [*id.* at 4], but *any* court's order dismissing a case for lack of jurisdiction or lack of venue will cite relevant authority of some kind, and so Defendants' argument about contrary authority would defeat the application of the JAS in virtually any case where a court dismisses an action because it was filed in the improper court. This would undermine the "typical" use of the JAS—namely, "sav[ing] an action filed in the wrong court," *McGill*, 801 N.E.2d at 684—and would thus eviscerate the statute in a way that Indiana law did not intend and this Court cannot accept.

For the above reasons, then, the Court concludes that Plaintiff's original complaint did not "fail[]" because of "negligence in the prosecution of the action." Ind. Code § 34-11-8-1(a)(1). The Journey's Account Statute thus applies, and because Plaintiff filed her current

9

complaint within three years of her original complaint's dismissal from the Northern District of Indiana, her current complaint is not time barred. *See id.* 34-11-8-1(b)(1).

Additionally, Plaintiff's proposed amended complaint sets out the circumstances establishing that the current complaint is not so barred. [*See* Dkt. 21 ¶¶ 11-16.] As noted, that amended complaint was filed properly as a matter of course pursuant to Rule 15(a)(1)(B). However, even if a motion for leave to amend were necessary, the proposed amended complaint would survive Defendants' motion to dismiss, such that the amendment is not futile. *See McCoy*, 760 F.3d at 685. Defendants have consequently failed to carry their burden of showing some valid reason to deny leave to amend, and the Court **GRANTS** Plaintiff's motion for leave to amend her complaint. [Dkt. 21.] Moreover, because the JAS operates to extend the statute of limitations beyond the date on which Plaintiff filed her complaint in this Court, the Magistrate Judge recommends that the Court **DENY** Defendants' motion to dismiss. [Dkt. 14.]

### III. Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint, [Dkt. 21], and the Magistrate Judge recommends that the Court **DENY** Defendants' Motion to Dismiss. [Dkt. 14.] The Clerk is directed to file Plaintiffs' Amended Complaint, [Dkt. 21-1], as of the date of this order. Any objections to this order must be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, and failure to timely file objections within fourteen days after service of this order shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 01/15/2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Edward E. Beck
SAMBAUGH, KAST, BECK & WILLIAMS, LLP
eeb@skbw.com

Christopher R. Whitten
WHITTEN LAW OFFICE
cwhitten@indycounsel.com

James L. Culp
WHITTEN LAW OFFICE
jculp@indycounsel.com

Jason J. Hoy
WHITTEN LAW OFFICE
jhoy@indycounsel.com

R. Gregory Sylvester
WHITTEN LAW OFFICE
gsylvester@indycounsel.com

Kyle T. Ring
WILLIAMS LAW FIRM
kyle@williamsinjurylaw.com

Stephen L. Williams
WILLIAMS LAW FIRM
steve@williamsinjurylaw.com